05-2101-C
C_ADVERSARY
PLAINTIFF: Golden Road Motor Inn, I
DEBTOR: Bassel Baroudi
DEFENDANT: Bassel Baroudi
JUDGE: Hon. C. Klein
_____
FILED 03/11/05 - 03:12 PM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION    1Pas
RECEIPT NO: 2-5-004338    $150.00

2005-02101

R. JOHN YOUNGS (SBN 106694)
P.O. Box 567
Placerville, CA 95667
Telephone: 530-622-7342

Attorney for Plaintiff

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In re:

BASSEL M. BAROUDI,

                              Debtor.        /
_____

GOLDEN ROAD MOTOR INN, INC. dba
ATLANTIS CASINO RESORT,

                              Plaintiff,

v.

BASSEL M. BAROUDI,

                              Defendant.
_____

CHAPTER 7 PROCEEDING

CASE NO.: 04-29793-C-7

ADVERSARY NUMBER:

COMPLAINT TO DETERMINE
DISCHARGEABILITY OF DEBT

GOLDEN ROAD MOTOR INN, INC. dba ATLANTIS CASINO RESORT
(hereinafter "Plaintiff") respectfully represents and complains as follows:

1. This adversary proceeding is being brought in connection with the voluntary
petition of BASSEL M. BAROUDI (hereinafter "Defendant") under Chapter 7 of Title 11,
Case No. 04-29793-C-7 now pending in this Court. Pursuant to the Stipulation Regarding
Extending Deadlines filed with the Court on December 10, 2004, the Court has determined
March 15, 2005 to be the deadline date for filing this Complaint to Determine
Dischargeability of Debt.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.
Sections 157, 1334 and 11 U.S.C. §523(a).

3. This is a core proceeding under 28 U.S.C. §157 and Plaintiff requests that the
Court make a final order or judgment in the proceeding.

4. Plaintiff, GOLDEN ROAD MOTOR INN, INC. is and at all times herein

mentioned was a Nevada Corporation, a creditor of Defendant and the party-in-interest.

5. Plaintiff is the payee or holder of six (6) checks or credit instruments (hereinafter "checks") all dated between approximately December 9, 2002 and December 31, 2002, each executed by the Defendant and all drawn by Defendant on American River Bank, for the aggregate amount of $40,000. No part of the aggregate amount of the checks has been paid despite Plaintiff's demands for payment. True copies of the checks are attached hereto, marked collectively as Exhibit 1 and are fully incorporated by this reference.

6. On or about between approximately December 9, 2002 and December 31, 2002 by the use of false pretenses, false representations or actual fraud, contrary to the provisions of Bankruptcy Code §523(a)(2)(A), Defendant requested and Plaintiff provided Defendant with cash or its equivalent, for each of the checks for the sole and specific purpose of gambling at the fully licensed Atlantis Casino Resort, Nevada.

7. Defendant represented to Plaintiff when he executed and tendered each of the checks to Plaintiff and obtained cash or its equivalent therefore, that each check would be paid by Defendant's bank on which it was drawn, according to its terms, and that Defendant was solvent at the times of each of the transactions.

8. On information and belief Plaintiff alleges that cash or its equivalent for each of the checks was obtained by the Defendant from Plaintiff under false pretenses, false representations or actual fraud, contrary to the provisions of Bankruptcy Code §523(a)(2)(A), because, inter alia; (a) Defendant did not intend to and did not gamble all of the cash or its equivalent he obtained from Plaintiff and kept a portion thereof for other uses, (b) Defendant obtained the cash or its equivalent with the intent not to repay Plaintiff therefore, (c) Defendant knew or should have known that he did not have sufficient monies on deposit or credit available to him at American River Bank for each of the checks to be paid according to their terms, (d) Defendant knew or should have known that he had written approximately six (6) checks on a closed account(s) or a soon to be closed account(s), and (e) Defendant knew or should have known that he personally and his business(es) known as Ultimate Home Improvement, Ultimate Home Improvement, Inc. and Arabian Nights were insolvent at the

times each of the checks were executed or tendered to Plaintiff.

9. Plaintiff reasonably relied on the truth and accuracy of the Defendant's aforesaid materially false representations at each of the times Plaintiff provided the Defendant with the cash or its equivalent requested by Defendant for the aggregate value of $40,000.

10. Plaintiff is entitled to damages of not less than $100 per check, in addition to the face amounts of each of the checks since Plaintiff has fully complied with the provisions of both California Civil Code §1719 and Nevada Revised Statutes §41.620.

11. Plaintiff has performed all acts, covenants and conditions required to be performed on its part as to each of the transactions referred to herein.

12. As a direct and proximate result of the Defendant's use of false pretenses, false representations or actual fraud contrary to the provisions of Bankruptcy Code §523(a)(2)(A), Plaintiff has been damaged in the aggregate sum of $40,000 plus damages pursuant to California Civil Code §1719 and Nevada Revised Statutes §41.620, attorney's fees, costs and interest thereon at the rate of 10% per annum from December 31, 2002.

WHEREFORE, Plaintiff prays for Relief and Judgment as follows:

1. That the Court determine that the debts owed by the Defendant to the Plaintiff are non-dischargeable under Bankruptcy Code §523(a)(2)(A).

2. That the Court determine the remaining issues and render judgment in favor of the Plaintiff for the sum of $40,000, plus damages pursuant to California Civil Code §1719, attorney's fees, costs and interest at the rate of 10% per annum from December 31, 2002.

3. For such other and further relief as the Court may deem just and proper.

Dated:_____3/14_____, 2005

R. JOHN YOUNGS, Attorney for Plaintiff
GOLDEN ROAD MOTOR INN, INC. dba
ATLANTIS CASINO RESORT











