JAMES L. BRUNELLO, #47522
Attorney at Law
P.O. Box 1085
El Dorado, CA 95623-1085
Telephone: (530) 621-4233
Telecopier: (530) 626-3081

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

In Re:                                        Case No. 04-29793-C-7

BASSEL BAROUDI,

    Debtor.
_____/
GOLDEN ROAD MOTOR INN, INC., dba      Adversary No. 05-2101-C
ATLANTIS CASINO RESORT,
                                              ANSWER TO COMPLAINT TO
    Plaintiff,                           DETERMINE DISCHARGEABILITY OF
                                              DEBT
v.

BASSEL M. BAROUDI,

    Defendant.
_____/

    COMES NOW Defendant by and through his attorney of record and answers the Complaint to Determine Dischargeability of Debt as follows:

    1. In answer to Paragraph 1 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

    2. . In answer to Paragraph 2 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

    3. In answer to Paragraph 3 of Plaintiff's Complaint, Defendant admits the allegations contained therein.

    4. In answer to Paragraph 4 of Plaintiff's Complaint, Defendant admits the allegations

FILED
05 APR -5 PM 2: 23
CLERK, U.S. BANKRUPTCY CT.
EASTERN DIST. OF CA.
SACRAMENTO, CA

contained therein.

5. In answer to Paragraph 5 of Plaintiff's Complaint, Defendant admits the allegations contained therein based on lack of information and belief.

6. In answer to Paragraph 6 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

7. In answer to Paragraph 7 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

8. In answer to Paragraph 8 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

9. In answer to Paragraph 9 of Plaintiff's Complaint, Defendant denies the allegations contained therein based on lack of information and belief.

10. In answer to Paragraph 10 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

11. In answer to Paragraph 11 of Plaintiff's Complaint, Defendant denies the allegations contained therein based on lack of information and belief.

12. In answer to Paragraph 12 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. Failure to state cause of action;

2. Action dischargeable in Chapter 13 bankruptcy;

3. Plaintiff was aware of status of account or did not request information;

4. Plaintiff failed to mitigate damages;

5. Lack of scienter, lack of actionable intent and/or reckless indifference to actual facts; and

6. No justifiable reliance based on information the creditor either knew or had red flags and should have known had it taken reasonably commercial steps before granting additional credit.

7. It is against California public policy to enforce gambling debts and California has

1  a public interest in applying California law.

2      8. Debtor's delivery of checks or markers did not make a false statement or representation, nor does tendering a check constitute the alleged implied representations.

    9. Debtor intended to honor any alleged checks or markers at the time of issuance.

    10. There was no nondisclosure of material facts by debtor under which he had a duty to disclose.

    11. Debtor had a longstanding record of repaying gambling debts.

Dated: 4/6/05

_____
JAMES L. BRUNELLO
Attorney for Debtor/Defendant